IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Barbara McWilliams, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 1:11cv519 (JCC) |
| Mary Broderick, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Barbara M. McWilliams, by Robert J. McWilliams, her attorney-in-fact's ("Plaintiff") Motions to Remand [Dkt. 4] and to Dismiss [Dkt. 5]. For the following reasons, the Court will deny remand but will stay this case pending the outcome of related state-court litigation.

**I. Background**

This case involves a dispute between siblings as to the proper handling of their infirm mother's finances. On April 14, 2011, Robert J. McWilliams, acting as attorney-in-fact for his mother, Barbara M. McWilliams, filed a complaint in the Circuit Court of Loudoun County, Virginia [Dkt. 1, Ex. 1 (the "Complaint")], alleging, among other things, that his sister, Mary K. Broderick ("Defendant"), breached her fiduciary duty by

1

depleting her mother's estate while acting as her mother's attorney-in-fact.

At 1:19 p.m. on May 13, 2011, Defendant filed its answer to the Complaint as well as a Counterclaim in the Loudoun County Circuit Court.  [Dkt. 3.]

About two hours later that same day, at 2:41 p.m., Defendant filed its notice of removal.  [Dkt. 1.]

On June 6, 2011, Plaintiff moved to remand the case to Loudoun County or to dismiss.  [Dkts. 4, 5.]  Defendant responded in opposition on June 20, 2011.  [Dkt. 8.]  And Plaintiff filed a brief in reply on June 26, 2011.  [Dkt. 10.] Plaintiff's motions are before the Court.

## II. Analysis

Plaintiff argues first that, because Defendant filed its notice of removal after having filed an answer and counterclaim in state court, Defendant waived its right of removal; second that Defendant violated the removal statute by failing to file a copy of the process served on her with her notice of removal within 30 days of service of the complaint; and third that Defendant's Counterclaim is identical to her claim in a currently pending state action and must be dismissed. The Court reviews these issues in turn.

A.  <u>Waiver</u>

Plaintiff claims that Defendant waived its right of removal under 28 U.S.C. § 1446 by filing her answer and counterclaim in state court before removing the claim to federal court.  The core of this argument is that Defendant submitted to the state court's jurisdiction by filing its answer and counterclaim there.  This Court has rejected similar arguments in the past, though the presence of a counterclaim here brings a new twist.

In *Mansfield v. Anesthesia Associates, LTD*, No. 1:07cv941, 2007 WL 4531948 (E.D. Va. Dec. 18, 2007) (Cacheris, J.), this Court faced the strikingly similar situation where the Defendant filed a demurrer in state court earlier on the same day that it filed a notice of removal.  This Court explained that, although "[a] defendant may waive its right to remove by taking 'some substantial defensive action in the state court *before* petitioning for removal,'" *id.* at *2 (quoting *Aqualon Co. v. Mac Equipment, Inc.*, 149 F.3d 262, 264 (4th Cir. 1998)), "[a] waiver . . . must be 'clear and unequivocal' and will only be found in 'extreme situations,'" *id.* (quoting *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991)).

Critically, this Court noted that "[t]he rule permitting waiver . . . is grounded in the concern that a defendant will remove a case to federal court after a final and

3

unfavorable determination had been made on the merits of the case in state court." *Id.* (citation and internal quotation marks omitted). In other words, the point of waiver is to prevent Defendants from fleeing to federal court *after* "test[ing] the waters in state court" and finding them too cold. *Estate of Krasnow v. Texaco, Inc.*, 773 F. Supp. 806, 809 (E.D. Va. 1991).

There is no serious argument that Defendant forum shopped here. Defendant removed this case *90 minutes* after filing responsive pleadings in state court, well before she could have known the water temperature, so to speak.

Nor is the Defendant's counterclaim a "substantial defensive action" *under these circumstances*. Plaintiff cites two cases from this Court in support of the proposition that a counterclaim filed before a notice of removal requires an automatic remand. *See Sood v. Advanced Computer Techniques Corp.*, 308 F. Supp. 239 (E.D. Va. 1969); *Baldwin v. Perdue, Inc.*, 451 F. Supp. 373 (E.D. Va. 1978). Indeed, Plaintiff notes that the Fourth Circuit mentioned both of these cases in *Aqualon*, stating that "[i]n both cases, the defendants moved to remove to federal court *after* they filed permissive substantive defenses in state court (a cross-claim in *Baldwin* and counterclaims in *Sood*)," and that "[t]he district courts found waiver in both cases and granted motions to remand." 149 F.3d

4

at 264 (emphasis in original).  Importantly, the Fourth Circuit went on to say that "[a] defendant *may* waive the right to remove by taking some such substantial defensive action in the state court before petitioning for removal."  *Id* (emphasis added and original emphasis removed).  The Court never said that such waiver was automatic, however.

It makes sense that, in some cases, the choice to file a counterclaim in state court will signify a "clear and unequivocal intent to remain in state court."  *Grubb*, 935 F.2d at 59.  But the timeframe of Defendant's filings here makes clear that she had no such intent.  It likewise makes clear that no forum shopping could have been occurring here.  And it makes it highly doubtful that this could be the sort of "extreme situation" envisioned in *Grubb* where waiver is called for--a "gotcha situation" seems a more apt description.

Thus, this Court will not remand or dismiss on this basis.

    B.    <u>Failure to Include a Copy of Summons in Filing Removal Papers</u>

Plaintiff next argues that remand is required because Defendant failed to include a copy of the summons served upon her when she filed her removal papers.  Defendant admits the omission, but claims it was a trivial oversight that does not require a remand.  Section 1446(a) requires that a defendant

removing a case include "a copy of all process . . . served upon such defendant." And "[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006). "Courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Creekmore v. Food Lion, Inc.* 797 F. Supp. 505, 507-08 (E.D. Va. 1992) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1971)).

Contrary to both parties' belief, a court within the Fourth Circuit has directly addressed this issue. In *Riggs v. Fling Irrigation, Inc.*, 535 F. Supp. 2d 572, 578-79 (W.D.N.C. 2008), the plaintiff argued that remand was required for failure to attach seven pieces of process, including the summons. *Id.* at 578. Finding that the "majority approach" in other circuits is to hold such a defect as "merely procedural," the Court saw "no reason why this 'minor irregularity' should defeat Defendants' Notice of Removal and believe[d] that to remand for this reason alone, when the parties and the Court now have all the pertinent filings, would indeed 'elevate form over substance.'" *Id.* at 579. As in that case, this Court finds that "[t]he failure was inadvertent and trivial . . . [,] did not unduly burden the court or reflect the complete failure to follow the removal procedure[, and] plaintiff has suffered

6

absolutely no prejudice whatsoever from the defect." *Id.* (citing *Yellow Transp., Inc. v. Apex Digital, Inc.*, 406 F. Supp. 2d 1213, 1215 (D. Kan. 2005)).

Thus, the Court will deny remand on this basis as well.

    C.   <u>Duplicative State Proceedings</u>

Plaintiff's final argument for remand is that Defendant's federal counterclaim is virtually identical to a currently pending state-court claim. Though neither party addresses it as such, this argument is essentially about the doctrine of abstention. "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citation and internal quotation marks omitted). Federal courts have a "virtually unflagging" obligation to exercise the jurisdiction given them. *Id.* Yet *Colorado River* lists certain exceptional circumstances in which it may be appropriate to dismiss claims that are sufficiently duplicative of concurrent state claims.

That list includes: (1) whether the litigation involves property the state court is already exercising jurisdiction over (to avoid inconsistent dispositions of

7

property), (2) whether the federal forum is inconvenient, (3) whether failure to abstain would result in piecemeal litigation, (4) the order in which the courts obtained jurisdiction, (5) whether state or federal law resolves the claims, and (6) the adequacy of the state proceedings to protect the parties' rights. *Vulcan Chem. Tech. V. Barker*, 297 F.3d 332, 341 (4th Cir. 2002). "At bottom, abstention should be the exception, not the rule, and it may be granted only when the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Id.* (citation and internal quotation marks omitted) (emphasis added). A "complete" resolution, of course, is only possible where the state and federal suits are truly duplicative. *McLaughlin v. United Va. Bank*, 955 F.2d 930, 931 (4th Cir. 1992).

     The only difference between Defendant's state and federal claims is that, at the state level, Defendant seeks to recover from the trust of which her mother is the sole lifetime beneficiary, whereas in the instant case, she seeks to recover from her mother directly. That seemingly precludes the first factor--the state already exercising jurisdiction over the property--from favoring abstention, as the present action appears to be *in personam* against the beneficiary, whereas the

state action is *in rem* against the trust. *Williams v. Security Nat'l Bank*, 314 F. Supp. 2d 886, 901 (N.D. Iowa 2004).

The second factor too seems inapplicable, as this Court is located relatively near to the Loudoun County Circuit Court where the state claim is being prosecuted.

The third factor, the possibility of piecemeal litigation, is strongly implicated here. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Gannett Co. v. Clark Const. Group*, 286 F.3d 737, 744 (4th Cir. 2002) (internal quotation marks and citation omitted). Still, "[t]he threat of inconsistent results and the judicial inefficiency inherent in parallel breach of contract litigation, however, are not enough to warrant abstention." *Id.* "Instead, for abstention to be appropriate, retention of jurisdiction must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly ill suited for resolution in duplicate forums." *Id.*

Here, Defendant admitted in Open Court that the state and federal claims are "virtually identical," that the outcome in the "faster court" will control the outcome in the "slower court," and that this action will be completely disposed of by whatever the state court does. Thus, "the present suit is . . .

9

not merely another piece of the litigation; it is essentially the same piece that the parties are contesting in the state proceedings." *Automated Sys. & Programming, Inc. v. Cross*, 176 F. Supp. 2d 458, 463 (D. Md. 2001). For instance, the parallel litigation appears "likely to raise serious *res judicata* problems for either this Court or the state court." *Cf. Baseline Sports, Inc. v. Third Base Sports*, 341 F. Supp. 2d 605, 610-11 (E.D. Va. 2004) (Smith, J.) (citation omitted). This factor therefore heavily supports abstention here.

The fourth factor appears neutral here, as both the state and the federal claims are at their beginning stages.

The fifth factor, the absence of a federal question, is essential neutral here, as "both parties may find an adequate remedy in either state or federal court" for the claims at issue. *Gannett*, 286 F.3d at 747.

Finally, on the sixth factor, the adequacy of the state forum to protect the parties rights, there is no reason to believe the state court will be an inadequate forum for resolving this matter.

In this Court's view, these facts on balance indicate that this case indeed presents exceptional circumstances that warrant abstaining from exercising jurisdiction. *See Seneca One Finance, Inc. v. Structured Asset Funding, LLC*, No. DKC 10-1704, 2010 WL 4449444, at *6 (D. Md. Nov. 4, 2010). The third factor-

-the similarity between the two cases and the chances of piecemeal litigation--strongly militates in favor of abstention, whereas no other factors pull strongly in the other direction. The first factor, regarding jurisdiction over the property, is essentially one of form and not substance as applied here. Thus, abstention is called for.

Yet the Supreme Court has made clear that, "while . . . federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996). Thus, this Court cannot remand this action to state court on this basis, but it can stay the action pending the outcome of the state claim. *Id.* This Court will therefore stay this case pending the outcome of the related state-court litigation.

### III. Conclusion

For the reasons stated above, the Court will deny remand and dismissal and will instead stay this case pending the outcome of the related state-court litigation. An appropriate Order will issue.


July 7, 2011                                  _____/s/_____
Alexandria, Virginia                                James C. Cacheris
                                          UNITED STATES DISTRICT COURT JUDGE